[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13567
Non-Argument Calendar
_____

D.C. Docket No. 8:99-cr-00447-SCB-AAS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS FERNANDEZ MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Luis Fernandez Morales, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release and reduction in sentence, under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").  He argues that he has an extraordinary and compelling reason for release because, if he had been sentenced under the First Step Act, he would not have received a mandatory life sentence.

We review the district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).  Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position.  *United States v. Frazier*, 387 F.3d. 1244, 1259 (11th Cir. 2004) (*en banc*).

To reverse a district court order that is based on multiple, independent grounds, a party must convince us "that every stated ground for the judgment against him is incorrect."  *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotation marks omitted).  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to

2

have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (quotation marks and alteration omitted). A party can fail to properly challenge an issue when references to that issue are mere "background" to an appellant's main arguments or buried within those arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014). While briefs by *pro se* litigants are read liberally, issues a *pro se* litigant does not brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

3

warden of the defendant's facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). The court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.* § 1B1.13 & comment. (n.1). In relevant part, the commentary lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction.

4

*Id.* A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of his term, whichever is less. *Id.*, comment. (n.1(B)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

We held in *United States v. Bryant* that U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)" and, accordingly, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." No. 19-14267, manuscript op. at 38 (11th Cir. May 7, 2021). We further held in *Bryant* that § 1B1.13 governs a motion for compassionate release, whether it is filed by the Bureau of Prisons or by a prisoner, and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 4.

The sentencing factors listed in 18 U.S.C. § 3553(a) that a district court must consider when imposing a sentence include the need to reflect the seriousness of the

5

offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with appropriate medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2). They also include the "nature and circumstances" of the offense, the "history and characteristics" of the defendant, the types of sentences available, the types of sentences established by the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). We have determined, in cases where consideration of the § 3553(a) factors is mandatory, that the weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (addressing a defendant's challenge to his sentence on direct appeal). In such cases, the district court is not required to explicitly recite the language of § 3553(a) or address each factor individually so long as the record reflects that the district court considered the factors. *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).

We have not issued an opinion addressing whether a district court is required to consider the §§ 3142(g) or 3553(a) factors when ruling on a compassionate release motion, and if so, to what extent it must consider those factors. We did hold, without deciding whether medical conditions can rise to being extraordinary and compelling

reasons and assuming that they could, that a district court did not abuse its discretion by denying a motion for compassionate release for failure to show extraordinary and compelling reasons when only one of the defendant's medical conditions—in that case, hypertension—appeared on the CDC's list of conditions and only as a condition that "might" increase risk for COVID-19. *Harris*, 989 F.3d at 912. We noted that the district court's consideration the § 3553(a) factors contributed to our holding that it did not abuse its discretion. *Id.* at 912.

Here, Morales does not challenge the district court's conclusion that his COVID-19 argument was not exhausted, so that argument is abandoned. Morales also has not directly challenged the district court's determination that the 28 U.S.C. § 3553(a) factors weighed against granting him release, and as such he has abandoned that issue. Because he did not challenge one of the independent grounds for the district court's decision, we affirm.

Even if we were to liberally construe his brief as raising a challenged to the district court's application of the § 3553(a) factors, the district court did not abuse its discretion because it weighed the factors and explained its reasoning, specifically pointing to his career offender status and that he had reentered the United States after previously being deported. Although the district court did not mention disparity in sentencing, which Morales mentioned as § 3553(a) factor that weighed in his favor, it was not required to explicitly address each factor, and he has not shown that the

district court abused its discretion by finding that the factors ultimately weighed against him. As a result, we need not reach his argument that he has demonstrated extraordinary and compelling reasons for sentence reduction. Accordingly, we affirm.

**AFFIRMED.**